UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>   Plaintiff | )<br>)<br>) |
| v. | ) Case No. 4:20CR0419-01<br>) |
| BONMENE SIBE,<br>   Defendant. | )<br>)<br>) |

### DEFENDANT'S AMENDED NOTICE OF REQUEST FOR A BELOW GUIDELINE SENTENCE

COMES NOW Defendant, Bonmene Sibe, by and through counsel, and hereby provides notice of his intention to request a sentence below the calculated guideline range. Specifically, 18 USC § 3553(a) provides in part: …..The court, in determining the particular sentence imposed, shall consider— (1) the nature and circumstances of the offense and the history and characteristics of the defendant. This request will be based upon factors under 18 USC § 3553(a)(1), identified in the Presentence Investigation, paragraph number 108, and portions of the language in the defendant's plea agreement.

Ms. Amy Lyne, United States Probation Officer, identifies two factors that may warrant a variance and the imposition of a non-guideline sentence. These factors describe the history and characteristics of the defendant, Mr. Sibe. First, Mr. Sibe suffered physical abuse throughout his upbringing, as perpetrated against him by his father. In addition, Mr. Sibe reported symptoms of depression and/or anxiety disorder, for which he is presently under the care of a physician. PSI para 108.

These factors show that Mr. Sibe's childhood involving physical abuse by his father in addition to his symptoms of depression and anxiety, potentially caused by this childhood abuse, changed his perception on life and left him unable to fully become a productive member of society.

Mr. Sibe would also point out when considering the nature and circumstance of the offense (as committed by Mr. Sibe), the Court should consider his role.  "When the defendant received express mail packages containing cash and electronic equipment that had been sent by the scam victims to B.M. at Post Office Box 34096 and S.C. at Post Office Box 470031, defendant provided the funds to Ofikoro, and Ofikoro would distribute the funds to Defendant and others." Mr. Sibe's role was one of the traditional "money mule". He collected the money and delivered it to Frank, who then distributed it to himself and others.

Lastly, a final characteristic of Mr. Sibe that is worth mentioning in terms of a potential downward variance,  is his immigration status.  Because he is not a citizen, after his prison stay, it is very likely that he will be deported back to Nigeria.

As a result, Mr. Sibe is requesting a sentence of 60 months, a variance of 27 months.

Wherefore, the defendant is requesting a sentence of 60 months.

**(Defendant Mr. Sibe withdraws as consideration for a downward variance paragraphs 3, 4, 5 and 6 of his previous Notice of Variance memorandum,**

**and elects to save the arguments for the Court's determination of the proper guideline sentence)**

Respectfully submitted,

/s/ Robert Taaffe Jr.
Robert Taaffe Jr MO49537
Attorney for Defendant
1015 Locust, Suite 1032
St. Louis, MO  63101
314-241-3700
314-241-3710 fax
robert@taaffeandassociates.com

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was filed this 4th day of May, 2022 using the electronic filing system, serving notice upon the United States Attorney's Office and all other relevant parties.

/s/Robert Taaffe Jr.